No. 14397

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

THE STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

YOLANDA BLAKELY,

        Defendant and Appellant.

Appeal from:  District Court of the Eighteenth Judicial District,
             Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

    For Appellant:

        Bolinger, Higgins and Andes, Bozeman, Montana
        Roy Andes argued, Bozeman, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Donald White, County Attorney, Bozeman, Montana
        Mike Lilly argued, Deputy County Attorney, Bozeman, Montana

Submitted:  March 13, 1979

Decided: MAR 22 1979

Filed: MAR 22 1979

Thomas J. Kearney
                      Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by defendant from her conviction of criminal trespass to property following a jury trial in the District Court of Gallatin County.

The incident forming the basis of the charge occurred on May 14, 1977, on land owned by the Montana Fish and Game Department near Three Forks, Montana. The complaint charged that defendant Yolanda Blakely "knowingly entered or remained unlawfully, and allowed cattle to enter and remain upon the premises . . ." in violation of section 94-6-203(1)(b), R.C.M. 1947. This statute is now codified as section 45-6-203(1)(b) MCA.

Defendant was tried and convicted of this misdemeanor in justice court. She appealed this conviction to the District Court of Gallatin County. She was tried de novo, convicted by jury, and sentenced to pay a fine of $400. She now appeals this latter conviction to this Court.

Defendant lives with her husband and family on a tract of land near Three Forks, Montana where they raise cattle. Adjoining their property on the west is land owned by the Gillespies; adjoining the Gillespie land on the west is a tract of land owned by the Montana Fish and Game Department. All three tracts are bordered on the south by Carpenter's Lane, an unpaved rural road.

The Fish and Game property was fenced with gates at both the southeast and southwest corners that border Carpenter's Lane. In April 1977 the southeast gate was locked and wired shut. Signs were posted at both gates containing Fish and Game Department rules and regulations. One of these rules stated "Livestock grazing allowed only with a lease." The sign on the southeast gate had been removed prior to the alleged offense, but the sign on the southwest gate had remained in place. Defendant had read at least one of the signs.

During the early part of 1977 because of a feed shortage,

defendant allowed her cattle to graze along Carpenter's Lane. The State's evidence indicated that both before and after the signs were posted but before May 14, 1977, defendant had been seen herding her cattle along Carpenter's Lane and then onto the Fish and Game land through the southeast gate; that her cattle had been seen on the property; and that she had been seen driving her cattle away from the property. Defendant denied having ever driven her cattle onto that tract of Fish and Game land.

Defendant testified that on May 14, 1977 she had been grazing her cattle along Carpenter's Lane but about 5:30 p.m. had locked them in a 60 acre pasture. A Fish and Game warden patrolling the area noticed that the gate on the Fish and Game property was down and cattle were grazing on the property. He went to defendant's house and told defendant her cattle were on the Fish and Game property.

Defendant contends she did not intentionally place her cattle on the Fish and Game property. She asserts that since her fence and the Fish and Game fence and gate were in such poor condition, the cattle must have wandered out of her property and onto the Fish and Game land. Because of a rainstorm and because she was tired, defendant did not remove her cattle until early the next morning.

At trial there was no direct evidence that defendant had entered the Fish and Game property on May 14, 1977 or that she had driven her cattle onto the Fish and Game land on that date. The evidence was entirely circumstantial.

Defendant has raised several specifications of error. We consider two issues controlling: (1) the sufficiency of the evidence to support the conviction, and (2) whether trespassing cattle violates the statute.

The complaint charges defendant with violation of section 94-6-203(1)(b), R.C.M. 1947, now section 45-6-203(1)(b) MCA, by

- 3 -

reason of two acts: (1) knowingly entering and remaining unlawfully on Fish and Game property, and (2) allowing cattle to enter and remain upon Fish and Game property.

Section 94-6-203(1)(b), R.C.M. 1947 provides:

"Criminal trespass to property. (1) A person commits the offense of criminal trespass to property if he knowingly:

" . . .

"(b) enters or remains unlawfully in or upon the premises of another."

A companion statute defines the meaning of the phrase "enter or remain unlawfully":

"94-6-201. Definition of 'enter or remain unlawfully'. A person enters or remains unlawfully in or upon . . . premises when he is not licensed, invited, or otherwise privileged to do so. A person who enters or remains upon land does so with privilege unless notice is personally communicated to him by an authorized person or unless such notice is given by posting in a conspicuous manner."

Defendant did not commit criminal trespass in violation of the statute by knowingly entering or remaining unlawfully on Fish and Game property in this case. It is undisputed that the property was open to the public. Warden Hagenston of the Fish and Game Department so testified. Defendant as a member of the public was entitled to enter and remain upon the property and could commit no crime or unlawful act in so doing. Furthermore there is no evidence that defendant was on the Fish and Game property on the date charged, May 14, 1977. There is a complete failure of proof of unlawful entry or unlawfully remaining on the property by the defendant.

The second act charged against the defendant, viz. allowing cattle to enter and remain upon Fish and Game property, is not a crime under the statute. There is no mention of trespassing cattle in the statute nor liability of the owner thereof for violation of the statute. The former statute making herding of cattle onto another's land a criminal trespass was repealed in

- 4 -

1973. Ch. 513, Sec. 32, 1973 Laws of Montana. The cross-reference table relating the repealed statute to the present statute does not expand the scope or plain language of the present statute under which the defendant was charged. This table was not enacted by the legislature and has no force of law. The legislature simply repealed the old statute and enacted a new one that makes no mention of a crime by trespassing livestock. The new statute clearly applies only to a "person" by its express language and makes only personal entry or remaining on the premises by a person a crime.

The landowner is not left without remedy for trespassing cattle under Montana law. A civil remedy for damages is provided. Section 46-1409, R.C.M. 1947, now section 81-4-215 MCA. A criminal remedy for malicious mischief is provided where a person herds cattle onto another's land and causes damage. Section 94-6-102, R.C.M. 1947, now section 45-6-101 MCA. Available remedies under Montana law do not include a criminal sanction under section 94-6-293(1)(b), R.C.M. 1947, now section 45-6-203(1)(b) MCA.

The remaining specifications of error need not be discussed in this opinion as none would change the result in the case.

Reversed and dismissed.

------------------------------------
Chief Justice

We concur:

------------------------------------

------------------------------------

------------------------------------

------------------------------------
Justices

- 5 -